Curran, Dennis J., J.
John Santolucito was injured in a slip and fall incident in a parking lot owned by DeMoulas Super Markets, Inc. Domenick Zanni Sons, Inc. was hired by DeMoulas Super Markets, Inc. to remove snow and ice from the parking lot and was responsible for removing the snow on the date of the injury. This matter is before the Court on Zanni Sons, Inc.’s motion for summary judgment. Mr. Santolucito claims that the defendants negligently maintained the parking lot and allowed and/or created unsafe conditions that led to his injury. Zanni Sons, Inc. has moved for summary judgment contending that it did not owe Mr. Santolucito a duty, it reasonably performed its obligations under the snow removal contract and it was not otherwise negligent.
For the following reasons, Zanni Sons, Inc.’s motion for summary judgment is DENIED.
BACKGROUND
The undisputed facts, as revealed by the summary judgment record, are as follows.
On February 21, 2005, John Santolucito was injured when he slipped and fell in the parking lot of a Market Basket located in Middleton, Massachusetts.[2] The accident occurred in the midst of a snowstorm[3] and the area of the parking lot where Mr. Santolucito fell was covered in a layer of “black ice,” which was then covered by a thin layer of freshly-fallen snow.
On the day of the accident, the snow began to fall around 3:00 a.m. A total of six inches of snow fell that day. The snow removal contractor, Zanni Sons, Inc., began plowing the parking lot around 4:00 a.m. Market Basket opened at 7:00 a.m. and Mr. Santolucito arrived at the store between 7:30 and 8:00 a.m. to purchase some groceries. About three inches of snow had fallen by that time and Zanni Sons, Inc. had cleared the parking lot numerous times.
Mr. Santolucito parked in the lot and entered the store without incident. He did not speak with any employees about the conditions outside, nor did he complain about the snow removal efforts in the parking lot. He spent about fifteen minutes shopping and then left the store through the same door and headed for his car. He was carrying two bags of groceries, wearing sneakers, and, admittedly, walking “kind of fast” when he slipped. At the time he fell, he was walking next to another shopper whom he warned to be careful because the lot was slippery. He was looking straight-ahead while he walked. While in the parking lot and walking towards his car, Mr. Santolucito slipped on “black ice” and suffered serious physical injuries.
*376 The ice that Mr. Santolucito slipped on was a patch of black ice about six feet by six feet that was covered by a light dusting of snow. The snow that covered the ice was light and fluffy; it had no dirt, debris, prints, ruts, or indentations in it. Zanni Sons, Inc. had not applied any sand or salt to the lot before Mr. Santolucito’s fall. Zanni Sons, Inc. was not permitted to sand or salt the lot unless expressly told to do so by DeMoulas Super Markets, Inc. At some point later that day, probably around noon, DeMoulas Super Markets, Inc. instructed Zanni Sons, Inc. to sand the lot. They did so.
Zanni Sons, Inc. used two pickup trucks with steel, snowplow blades mounted on them to clear the snow from the parking lot. They also employed two front-end loaders to move the snow into large piles. The steel blades on the plows may have become hot as they ran along the ground and this could have caused some of the snow to melt and ice to form if the melted snow refroze.[4] Zanni Sons, Inc. spent a total of twelve hours clearing snow from the parking lot on February 21, 2005 and spent another four hours the next day completing the clean up.
The business arrangement between DeMoulas Super Markets, Inc. and Zanni Sons, Inc. required Zanni Sons, Inc. to stake the islands in the parking lot before winter, provide a certificate of insurance, and, most importantly, provide snow removal services. These services were not comprehensive because DeMoulas Super Markets, Inc. opted to shovel its own entrance ramps and walkways and also decided when or if Zanni Sons, Inc. should sand or salt the parking lot. At the time of the incident, Zanni Sons, Inc. was responsible for snow removal in the parking lot in question.
Mr. Santolucito has alleged that DeMoulas Super Markets, Inc. and Zanni Sons, Inc. were negligent because they 1) caused or allowed a dangerous accumulation of ice to occur; 2) failed to remove the accumulation; 3) failed to treat the accumulation with sand or salt; and 4) failed to keep the area safe. Additionally, the plaintiffs now-deceased wife, Claire Santolucito, has brought claims for loss of consortium and pain and suffering based upon her husband’s injuries and subsequent debilitation. Both defendants have also filed cross claims for contribution and indemnification against one another.
DISCUSSION
Summary judgment is granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). For issues that the moving party does not have the burden of proof at trial, the absence of a triable issue may be shown by the submission of affirmative evidence that negates an essential element of the opposition’s case, or materials showing “that the party opposing the motion has no reasonable expectation of proving an essential element of that party’s case.” Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts that would establish the existence of a genuine issue of material fact. Id. Parties may not rely on bare assertions and conclusions to create a dispute necessary to defeat summary judgment. Benson v. Massachusetts Gen. Hosp., 49 Mass.App.Ct. 530, 532 (2000), quoting Polaroid. Corp. v. Rollins Envtl. Servs., Inc., 416 Mass. 684, 696 (1993). The court views the evidence in the light most favorable to the non-moving party, but does not weigh the evidence, assess credibility, or And facts. Attorney Gen. v. Bailey, 386 Mass. 367, 370-71 (1982).
Negligence Claim
Zanni Sons, Inc. asserts various reasons why it should be granted summary judgment; however, as discussed below, its motion must be denied because it owed Mr. Santolucito a duty to act reasonably, and questions of reasonableness are reserved for the fact finder. See, e.g., Manning v. Nobile, 411 Mass. 382, 388 (1991) ([S]ummaiy judgment is seldom sought or granted in negligence actions”) (citations omitted).
First, Zanni Sons, Inc. argues that only DeMoulas Super Markets, Inc., as owner of the premises, owed a duty to Mr. Santolucito. In Papadopoulos v. Target Corp., 457 Mass. 368 (2010), the Supreme Judicial Court held that, “the same obligation of reasonable care that a property owner owes to lawful visitors regarding all other hazards” now applies to hazards arising from snow and ice. Papadopoulos, 457 Mass. at 369. However, as Zanni Sons, Inc. recognizes in its brief, snow removal contractors have an obligation to use reasonable care and to perform snow removal duties in a diligent and workmanlike manner. Connors v. Northeastern Hosp. Corp., 439 Mass. 469, 480 (2003). Both parties had a duty to foreseeable plaintiffs, including Mr. Santolucito, and the reasonableness of their conduct is a question for the fact finder. See Mullins v. Pine Manor Coll., 389 Mass. 47, 56 (1983) (explaining that negligence is almost always question of fact for juiy).
Further, Zanni Sons, Inc. seeks to be absolved from any liability because, it claims, it was only responsible for performing general plowing services, not ensuring that the property was safe.[5] Zanni Sons, Inc. predicates this argument on the fact that DeMoulas Super Markets, Inc. controlled when or if sand and salt could be applied to the parking lot. This argument ignores Mr. Santolucito’s assertion that David Zanni’s candid admission at deposition that Zanni Sons, Inc.’s snow *377 plow could have caused snow to melt by the heat of the plow blades, thereby creating ice patches when that water refroze. Mr. Zanni also recalled that there was ice in the parking lot that morning and that it probably came from their snowplowing efforts. These theories of liability are thin at best (the snowplowing efforts were, indeed, in the midst of vigorous New England snowstorm), but they must, by law, survive judicial determination for disposition on another day. A jury could find that it was unreasonable for Zanni Sons, Inc. to create these icy conditions-and do nothing about them, thus finding Zanni Sons, Inc. negligent without even reaching the issue of applying sand or salt. “That the owners or the tenant may also be liable . . •. does not relieve the contractor of liability if its negligence contributed to cause the injury complained of.” Whalen v. Shivek, 326 Mass. 142, 147 (1950) (and cases cited therein).
Zanni Sons, Inc. had a duty to perform its snow removal activities in a diligent and workmanlike manner.[6] While DeMoulas Super Markets, Inc. controlled when or if salt of sand could be applied to the parking lot, there is no indication that David Zanni informed DeMoulas Super Markets, Inc. of the icy conditions or requested permission to sand and salt the area. Whether this approach was reasonable is a question for the fact finder and, therefore, summary judgment, must be denied. Mullins v. Pine Manor Coll., 389 Mass. 47, 56 (1983) (only when no rational view of evidence permits finding of negligence will trial judge decide issue as matter of law and grant summary judgment).
CONCLUSION
Zanni Sons, Inc. had a duty to perform its-snow removal activities reasonably and the question as to whether these efforts were reasonable is reserved for the fact finder. This Court is unable to rule, as a matter of law, on the negligence claim.
A Trial Order accompanies this Memorandum, bifurcating the issues of liability and damages. Given that discovery has long since concluded, Mr. Santolucito’s advanced age, and that trial on liability involves, at best, three witnesses, counsel shall confer and agree on the first available trial date. This Court shall promptly accommodate their request.
ORDER
For the foregoing reasons, Domenick Zanni Sons, Inc.’s motion for summary judgment is DENIED.

 DeMoulas Super Markets, Inc. owns and operates the Market Basket and also owns the parking lot where the incident took place.

 Mr. Santolucito’s deposition shows that he does not remember it snowing at the time of the incident but the meteorological records show that It snowed both before and after the time period of the fall.

 The temperature around the time of the accident was about 25 degrees F.

 Zanni Sons, Inc. contends that because DeMoulas Super Markets, Inc. shoveled the walkways in front of the store and controlled when or if sand/salt would be applied, Zanni Sons, Inc. should not be exposed to liability. This argument would be more persuasive if the incident occurred on a walkway but it is undisputed that it occurred in the parking lot Zanni Sons, Inc. was responsible for clearing.

 There is evidence in the record that Zanni Sons, Inc. controlled the manner and method of clearing the parking lot. Conversely, there is no evidence suggesting that DeMoulas Super Markets, Inc. controlled Zanni Sons, Inc.’s operations to die point of destroying the independent contractor relationship. Accordingly, Zanni Sons, Inc. is not absolved of all liability simply because it could not sand until DeMoulas Super Markets, Inc. gave its permission.